## Michael Lawver, Plff. in Err., *v.* Eleanor A. Gladden et al.

A creditor who proves his debt in bankruptcy proceedings cannot, in the absence of fraud, impeach the discharge afterwards granted. So *held,* where the petition was voluntary.

(Decided October 19, 1885.)

Error to the Common Pleas of Greene County. Affirmed.

The action was a scire facias commenced by Michael Lawver to revive and continue the lien of a judgment upon property formerly owned by Eleanor A. Rinehart, afterwards Gladden. She, William Gladden, her husband, and Isaac Wood, terre-tenant, were made defendants.

The facts were as follows Eleanor Rinehart gave Michael Lawver her note dated May 23, 1874, for the sum of $432, payable one year after date. On December 16, 1875, judgment was entered on this note in favor of Michael Lawver against Eleanor, who had in the meantime been married. On August 19, 1876, she filed her petition in bankruptcy, and was in due course adjudged a bankrupt, Thomas Adamson being appointed her assignee. On October 5, 1877, she was discharged by the court from all debts and claims provable against her estate, and which existed on August 19, 1876. The judgment now sought to be revived was a provable debt, and was duly proved. Adamson as assignee applied to the district court for an order to sell certain real estate of the bankrupt discharged of liens; the order was granted, and under that order the real estate now in the possession of the terre-tenant, Isaac Wood, against whom the judgment is now sought to be revived, was sold for $1,320. The sale so made was confirmed by the court, and a deed conveying the property delivered to the purchaser. At the trial the court

NOTE.—The discharge cannot be impeached even though there was an agreement in the judgment note waiving the debtor's rights under the bankruptcy laws. May v. Merchants' & M. Bank, 109 Pa. 145.

held that Lawver's judgment was discharged by the discharge in bankruptcy of Eleanor Rinehart, and entered judgment for defendants; and plaintiff brought error.

*Sayers & Sayers,* for plaintiff in error.—The question: Can a married woman obtain a discharge in bankruptcy and make it an available plea to a debt made when she was a *feme sole?*— is governed by the law of her domicil, or of the state where she resides. Under that law it has been frequently decided that she cannot convey, or make an article to convey, lands, without her husband being joined and her acknowledgment taken in proper form before a proper officer. Nor can he alone make a valid judgment or obligation, except in the one single instance where it is given for purchase money, and then it is only good against the land conveyed to her. Quinn's Appeal, 86 Pa. 447; Glidden v. Strupler, 52 Pa. 400. See Vandyke v. Wells, 103 Pa. 49.

A judgment against a married woman before a justice of the peace, which does not affirmatively show her liability on a contract within the statute, is invalid. Hecker v. Haak, 88 Pa. 238.

A sale on a void judgment conveys no title. Caldwell v. Walters, 18 Pa. 79, 55 Am. Dec. 592.

An infant is not entitled to bankruptcy. Re Derby, 8 Nat. Bankr. Reg. 106, 6 Ben. 232, Fed. Cas. No. 3,815.

When a married woman has a right, as such, under any statute, to prosecute a claim in court, she must make it appear in the proceeding by what authority or statute she acquired it; otherwise it is void. And it is sufficient to show coverture to make it void; and the same is required in a claim against a married woman, where there is a plea of coverture. Ulp v. Campbell, 19 Pa. 361.

*Non est factum* is a good plea to her bond. Caldwell v. Walters, 18 Pa. 82, 55 Am. Dec. 592.

Judgment is void against her. Brunner's Appeal, 47 Pa. 73.

A married woman can only be adjudged a bankrupt where the law of her domicil gives her the power to contract. Re Goodman, 8 Nat. Bankr. Reg. 380, 5 Biss. 401, Fed. Cas. No. 5,540.

*Wyly, Buchanan, & Walton,* for defendants in error.—Under the acts of assembly of Pennsylvania, of 1718 and 1855, a mar-

ried woman may be decreed a *feme sole* trader, and she may become so without a decree if facts are proved that would justify the court in making the decree. Orrell v. Van Gorder, 96 Pa. 180.

She can make binding contracts on the basis of her separate estate, and be sued without naming her husband on the record, whether she is a *feme sole* trader or not. Bowler v. Titus, 2 W. N. C. 184.

A married woman can, without being a *feme sole* trader, and without bringing herself within any of the statutory exceptions to the common-law rule, avail herself of the benefit of the bankrupt law. Re O'Brien, 1 Nat. Bankr. Reg. 176, Fed. Cas. No. 10,397; Re Collins, 10 Nat. Bankr. Reg. 335, 3 Biss. 415, Fed. Cas. No. 3,006; Re Kinkead, 7 Nat. Bankr. Reg. 439, 3 Biss. 405, Fed. Cas. No. 7,824; Bump, Bankr. 8th ed. 1.

An infant may file a petition in his own name. Re Book, 3 McLean, 317, Fed. Cas. No. 1,637; Re Cotton, 2 N. Y. Legal Obs. 370, Fed. Cas. No. 3,269; Bump, Bankr. 373.

It is well settled in Pennsylvania that a creditor cannot oppose a voluntary assignment and claim under it; and the same reasoning might be applied to bankruptcy.

A discharge in bankruptcy is conclusive against a creditor who proved his claim, and cannot be impeached by him in a collateral action. Conner v. Gupton, 10 Humph. 320; Downer v. Rowell, 25 Vt. 336;Wales v. Lyon, 2 Mich. 276; Lyon v. Marshall, 11 Barb. 241; Humphreys v. Swett, 31 Me. 192; Morrison v. Woolson, 23 N. H. 11. See also Corey v. Ripley, 57 Me. 69, 2 Am. Rep. 19; Alston v. Robinett, 37 Tex. 56; Farr v. Evans, 26 Pittsb. L. J. 141.

PER CURIAM:
The plaintiff, having proved his debt in bankruptcy, is in no condition, in the absence of fraud, to impeach the decree of discharge.

Here no fraud is proved, nor even alleged. When the debt was contracted defendant was a single woman, engaged in business as a merchant trader. After her marriage, she applied for the benefit of the bankrupt laws, and, by regular course of proceedings, was duly adjudged a bankrupt, and received her discharge. The plaintiff now in this action shows no just cause for impeaching its conclusive effect.

Judgment affirmed.